UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SEAN P. MINER<br><br>    Plaintiff<br><br>v.<br><br>COHEN & ASSOCIATES, P.C. AND LVNV FUNDING, LLC<br><br>    Defendants | **COMPLAINT AND JURY DEMAND** |

**NATURE OF THE CASE**

1. This is a complaint brought pursuant to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, the purpose of which is to eliminate abusive collection practices by debt collectors. Defendant LVNV Funding, LLC previously dismissed with prejudice a state court debt-collection case against plaintiff Sean P. Miner after having insufficient evidence to support its claim to have been assigned the account at issue. Over 18 months later, however, LVNV then instructed its attorneys, defendant Cohen & Associates, P.C., also a debt collector, to collect on the account. Despite Miner's written dispute and request to cease contact, Cohen and LVNV continued contacting Miner, threatened to enforce a non-existent judgment, and communicated with him despite knowing him to be represented by counsel. As defendants have threatened that they are "in the process of enforcing this outstanding judgment" – a judgment that does not exist – Miner has no choice but to bring this action.

## FEDERAL JURISDICTION AND VENUE

2. The Court has jurisdiction because this case arises under the laws of the United States and is brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.

3. Venue is proper in the District of Massachusetts because the defendants transact business here and a substantial portion of the acts giving rise to this action occurred here, pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Sean P. Miner ("Miner" or "Plaintiff") is a natural person residing in Saugus, Massachusetts.

5. Defendant Cohen & Associates, P.C. ("Cohen") is a Massachusetts professional corporation with principal offices located in Salem, Massachusetts. Cohen is a law firm in the business of collecting debts.

6. Defendant LVNV Funding, LLC ("LVNV") is a Delaware limited liability company with principal offices located in Las Vegas, Nevada. LVNV is a debt buyer engaged in the business of purchased defaulted debts from original creditors in order to collect on them.

7. At all relevant times Cohen acted on behalf of, and under the direction and control of, LVNV.

## COMMON FACTS

8. LVNV is a "debt buyer" who claimed to have purchased the debt from the original creditor. Debt buyers are companies that do not lend to consumers, but instead purchase defaulted debts for an average of four cents per dollar and often have

little information about the original account. *See* Federal Trade Commission, "The Structure and Practices of the Debt Buying Industry" (January 2013), available at http://www.ftc.gov/sites/default/files/documents/reports/structure-and-practices-debt-buying-industry/debtbuyingreport.pdf.

9. On or around October 11, 2011, LVNV filed a civil action against Miner in Lynn District Court, case no. 1113CV1528, in an attempt to collect on an account it was alleged to be owed. The account at issue was allegedly for personal or family purposes.

10. LVNV failed to prove it had any legal right to collect on the account, and Miner denied any liability to LVNV. LVNV failed to provide admissible evidence showing that it had been assigned the account.

11. Miner was represented by counsel with respect to the debt in the debt-collection action.

12. LVNV was represented by counsel, Law Offices of Howard Lee Schiff, P.C., in the debt-collection action.

13. LVNV's attorneys had knowledge that Miner was represented by counsel with respect to that account.

14. LVNV itself had knowledge that Miner was represented by counsel with respect to that account.

15. On or around August 30, 2012, LVNV and Miner, by their respective counsel, stipulated to dismissal with prejudice of the debt-collection action against Miner, and filed the dismissal with the court. (**Exhibit 1** – Stipulation of Dismissal)

16. The debt-collection case was thus dismissed with prejudice, as indicated on the docket sheet from the Lynn District Court. (**Exhibit 2** – Docket.)

17. A dismissal with prejudice constitutes a valid and final judgment for the purposes of claim preclusion. *Jarosz v. Palmer*, 436 Mass. 526, 536, 766 N.E.2d 482, 491 (2002).

18. Despite the dismissal, over 18 months later, on March 17, 2014, LVNV, by its new counsel, Cohen, began collecting on the debt again. Cohen sent a collection letter directly to Miner. The letter claimed Miner owed LVNV $4,210.63 because LVNV held "an outstanding judgment against [Miner]." (**Exhibit 3**.)

19. In fact, LVNV had no judgment against Miner because the case had been dismissed with prejudice.

20. In response, Miner sent a certified letter to Cohen on March 23, 2014 requesting validation as was his right under 15 U.S.C. § 1692g, and requesting that Cohen cease further contact. (**Exhibit 4**.)

21. Cohen responded to Miner's validation request on March 25, 2014, but did not provide a copy of the judgment. Cohen claimed, among other things, that Miner was liable for the debt, and that Miner was liable for interest that had accrued on the account, both of which were false. (**Exhibit 5**.)

22. Despite Miner's request to cease contact, Cohen then sent another collection letter to Miner on April 8, 2014. In the letter, Cohen stated that it was "preparing to enforce" the judgment. (**Exhibit 6**.)

23. Miner has suffered damages from Cohen and LVNV's actions, including but not limited to emotional distress, anger, anxiety, and confusion.

## COUNT I:
### Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*
(Cohen and LVNV)

24. The preceding allegations are incorporated by reference.

25. Cohen collects or attempts to collect debts owed or alleged to be owed to others. To collect these debts, Cohen uses instrumentalities of interstate commerce, including the mail.

26. Cohen is a "debt collector" as that term is defined at 15 U.S.C. § 1692a(6).

27. LVNV collects or attempts to collect debts that were owed or alleged to be owed to others. To collect these debts, LVNV uses instrumentalities of interstate commerce, including the mail.

28. LVNV is a "debt collector" as that term is defined at 15 U.S.C. § 1692a(6).

29. By contacting Miner on, without limitation, March 17, March 25, and April 8, 2014, Cohen and LVNV violated 15 U.S.C. § 1692c(a)(2), which prohibits communicating directly with a consumer after knowing that the consumer is represented by an attorney.

30. By sending the collection letter dated April 8, 2014 after Miner requested on March 23, 2014 that contact cease, Cohen and LVNV violated 15 U.S.C. § 1692c(c), which prohibits by continuing to communicate with a consumer after a request to cease contact.

31. By claiming in its letters dated March 17, March 25, and April 8, 2014 that Miner owed a debt to LVNV, Cohen and LVNV violated 15 U.S.C. § 1692e(2), which prohibits misrepresenting the amount of the debt and the legal status of the debt.

32. By threatening to enforce the non-existent judgment against Miner in the letter dated April 8, 2014, Cohen and LVNV violated 15 U.S.C. § 1692e(5), which prohibits threatening actions that cannot be taken.

33. By failing to provide a copy of the alleged judgment in response to Miner's validation request, Cohen and LVNV violated 15 U.S.C. § 1692g(a)(4), which requires providing such a judgment to a consumer upon a request for validation.

34. By claiming that Miner owed a debt to LVNV in all its letters, Cohen and LVNV violated 15 U.S.C. § 1692e by making false and deceptive representations.

35. By all their actions in attempting to collect from Miner, Cohen and LVNV used unfair and unconscionable means to attempt to collect the debt from him in violation of 15 U.S.C. § 1692f.

36. By failing to identify LVNV as the party to whom the debt was allegedly owed in its letter dated March 17, 2014, and instead only identifying the purported original creditor, "HSBC Bank Nevada, N.A.," Cohen and LVNV violated 15 U.S.C. § 1692e, which prohibits making misleading communications in connection with collection of a debt.

37. Miner has suffered damages from Cohen and LVNV's actions, including but not limited to emotional distress, anger, anxiety, and confusion.

**REQUEST FOR RELIEF**

WHEREFORE, Miner requests that the Court issue judgment in his favor and against defendants Cohen and LVNV, and as well as the following relief:

a) A judgment that Cohen violated the FDCPA;

b) A judgment that LVNV violated the FDCPA;

c) Actual and compensatory damages, including for emotional distress;

d) Statutory damages of $1,000 against Cohen;

e) Statutory damages of $1,000 against LVNV;

f) Costs, interest, and attorney fees; and

g) All other relief to which he is entitled at law or in equity.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Respectfully submitted,

Plaintiff,
Sean P. Miner,
By counsel,

*/s/ Josef C. Culik*
Josef C. Culik (BBO #672665)
CULIK LAW PC
18 Commerce Way, Suite 2850
Woburn, Massachusetts 01801
(617) 830-1795
(617) 830-1576 Fax
jculik@culiklaw.com

May 9, 2014